ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MARKEITH PARKS,** on behalf of himself
and all others similarly situated,

Plaintiff,

- against -

**AINSWORTH PET NUTRITION, LLC d/b/a
Rachael Ray Nutrish and J.M. SMUCKER
COMPANY,**

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2c

18 Civ. 6936 (LLS)

**MEMORANDUM & ORDER**

On April 18, 2019, this court granted defendant Ainsworth

Pet Nutrition, LLC's motion to dismiss plaintiff Markeith Parks'

complaint, with leave to amend (Dkt. No. 31). Parks then filed

the Amended Complaint ("Am. Compl.") (Dkt. No. 32), on behalf of

himself and all others similarly situated, reasserting claims of

deceptive business practices in violation of New York General

Business Law ("NYGBL") § 349, false advertising in violation of

NYGBL § 350, and breach of express warranty.

Defendants now move again to dismiss the Amended Complaint,

or alternatively, stay the action pending guidance from the

Environmental Protection Agency ("EPA") and Food and Drug

Administration ("FDA") on the use of the term "natural" in food

labeling. For the reasons that follow, the motion to dismiss is

again granted.

Defendant Ainsworth Pet Nutrition, LLC is a wholly-owned

subsidiary of defendant J.M. Smucker Company and does business

-1-

under the name "Rachael Ray Nutrish." Rachael Ray Nutrish
advertises and labels its line of Super Premium Food for Dogs
("Products") as "natural." Parks alleges that the Products
contain residues of glyphosate, an "unnatural biocide" (Am.
Compl. ¶ 4), and that Rachael Ray Nutrish does not disclose the
Products' presence of glyphosate. Parks also alleges that he
relied on the representation that the Products were "natural"
when purchasing them.

The court's April 18, 2019 Opinion & Order noted that the
original complaint did not set forth "the amount of glyphosate
in the Products or whether that amount is harmful or innocuous,"
and granted Parks "leave to replead facts supporting an
inference that there was a material amount of glyphosate in the
Products."

Parks argues that the amount of glyphosate is not relevant
to materiality, and that it is misleading to label a food
"natural" if it contains any glyphosate, regardless of the
amount. However, the April 18, 2019 Opinion & Order already
addressed that argument: "But a reasonable consumer would not be
so absolutist as to require that 'natural' means there is no
glyphosate, even an accidental and innocuous amount, in the
Products." It also stated, "The presence of negligible amounts
of glyphosate in a dog food product that do not have harmful,
'toxic,' or 'carcinogenic' effects is not likely to affect

-2-

consumers' decisions in purchasing the product and is thus not material." See In re Sling Media Slingbox Advert. Litig., 202 F. Supp. 3d 352, 360 (S.D.N.Y. 2016) ("Not all deceptive acts or practices are actionable under § 349; only those acts or practices that are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'").

In his Amended Complaint, Parks alleges that laboratory testing of the Products purchased in New York detected the presence of glyphosate at a level of 19.85 parts per billion ("ppb"), or 0.01985 parts per million ("ppm"), and an "effective glyphosate level"[1] of 42.08 ppb, or 0.04208 ppm. That level is approximately 0.005% (or 0.01% if using the "effective glyphosate level") of the FDA's allowed tolerance level of 400 ppm for glyphosate residues in "animal feed." 40 C.F.R. § 180.364(a)(1).

The level of glyphosate in the tested Products is negligible and significantly lower than the FDA's limit, which supports a finding that the Products' glyphosate residue is not likely to affect consumer choice, and that labeling them "natural" is not materially misleading to a reasonable consumer. See Axon v. Citrus World, Inc., 354 F. Supp. 3d 170, 183

---

[1] According to the Food and Agriculture Organization, the "effective glyphosate level" is calculated as the sum of the weight of detected glyphosate residue plus one-and-a-half times the detected weight of AMPA, which is a metabolite of glyphosate. Am. Compl. ¶ 53.

(E.D.N.Y. 2018) ("the court concludes that it is not plausible to allege that a reasonable consumer would interpret the brand label 'Florida's Natural' as meaning that the product contains no traces of glyphosate"); In re Gen. Mills Glyphosate Litig., No. 16 Civ. 2869 (MJD/BRT), 2017 WL 2983877, at *1, *5 (D. Minn. July 12, 2017) (in case involving oat-based food products that "contain 0.45 parts per million of glyphosate," "It is implausible that a reasonable consumer would believe that a product labelled as having one ingredient—oats—that is "100% Natural" could not contain a trace amount of glyphosate that is far below the amount permitted for organic products."); Yu v. Dr Pepper Snapple Grp., Inc., No. 18 Civ. 6664 (BLF), 2019 WL 2515919, at *3 (N.D. Cal. June 18, 2019):

> Plaintiff has failed to meet this standard—that a reasonable consumer would understand "natural" to have the definition attributed to it by Plaintiff. I.e., Plaintiff does not sufficiently allege facts showing how or why a reasonable consumer would understand "Natural" or "All Natural Ingredients" to mean the utter absence of residual pesticides, which Plaintiff admits are on the order of 0.02 and 0.06 parts per million acetamiprid, respectively, for the applesauce and apple juice products in question.

For the same reasons, a reasonable consumer would not interpret the label "natural" as a warranty that the Products do not contain any glyphosate, even a negligible amount.

Accordingly, Park's claims of deceptive business practices, false advertising, and breach of express warranty are dismissed. Defendants' arguments concerning standing, a stay pending

-4-

guidance from the FDA and EPA, and punitive damages need not be addressed.

## CONCLUSION

Defendant's motion to dismiss the Amended Complaint (Dkt. No. 40) is granted.

So ordered.

Dated:    New York, New York
           February 20, 2020

*Louis L. Stanton*

LOUIS L. STANTON
U.S.D.J.